UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD SHARMA AND VINJAY L. SHARMA,<br><br>Plaintiffs,<br><br>v.<br><br>HSI ASSET LOAN OBLIGATION TRUST 2001-1, et al.,<br><br>Defendants. | No.  2:22-cv-928-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 7, 9) |

Plaintiffs[1] initiated this action in California Superior Court, alleging twelve claims against defendants HSI Asset Loan Obligation Trust 2007-1 ("HSI Trust"), HSI Asset Securitization Corporation ("HSI Corp.") and 100 does in connection with plaintiffs' residential mortgage. (ECF No. 1-1 at 2.)  As trustee for the HSI Trust, Deutsche Bank National Trust Company ("DBNTC") intervened as real party in interest defendant. Defendants then removed the case to this court and moved to dismiss. (ECF Nos. 1, 7.) Plaintiffs have filed a motion to remand. (ECF No. 9.)

On July 27, 2022, the parties appeared via videoconference for a hearing on defendants' motion to dismiss and plaintiffs' motion to remand. Plaintiffs Vinod Sharma and Vinjay L

---

[1] Plaintiffs represent themselves in this action without assistance of counsel; therefore, this case precedes before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

1    Sharma appeared pro se. Attorney Mark Gerard Rackers appeared for the defendants HSI Trust,

2    HSI Corp., and DBNTC. As set forth below, the undersigned recommends denying plaintiffs'

3    motion to remand and dismissing plaintiffs' complaint with prejudice based on California res

4    judicata.

5        **BACKGROUND**[2]

6        In April 2007, plaintiffs borrowed $875,000 from American Brokers Conduit ("ABC") for

7    a refinance loan secured by a deed of trust recorded against the property at 8645 Bradshaw Road

8    in Elk Grove, California. (See ECF No. 8 at 7-22 ("Exhibit A").) Plaintiffs initially purchased the

9

10   [2] Those facts ascertainable from the complaint are included in this background section, and are
     construed in the light most favorable to plaintiff—the non-moving party. Faulkner v. ADT Sec.
11   Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, the court is not required to accept as true
     "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"
12   or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v.
     CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Here, plaintiffs' complaint filed in the Superior
13   Court in this case, which is appended to defendant's Notice of Removal (see ECF No. 1-1 at 22-
     56), mention 29 exhibits, all of which are documents relating to the subject property's mortgage,
14   refinance loan, and subsequent foreclosure. (See, generally, id.) Due to a procedural/technical
     error by plaintiffs in state court, these exhibits were returned to plaintiffs. Thus, the exhibits are
15   not attached to the complaint. (See, e.g., id. at 64.)
     However, when reviewing a motion to dismiss, courts are permitted to consider undisputed facts
16   contained in judicially-noticeable documents without converting the motion to one of summary
     judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may [ ] consider
17   certain material-documents attached to the complaint, documents incorporated by reference in the
     complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for
18   summary judgment."); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006) (judicial
     notice proper for exhibits "on which the [c]omplaint necessarily relies."). Defendants have
19   provided a number of exhibits that are judicially noticeable, and so the court will rely upon these
     documents in these findings and recommendations. See Fed. R. Evid. 201. These documents
20   include defendant's "Exhibit A" ("Deed of Trust" between plaintiffs and American Brokers
     Conduit, dated April 12, 2007), "Exhibit B" ("Notice of Default and Election to Sell Under Deed
21   of Trust," dated January 27, 2010), and "Exhibit C" (the foreclosing "Trustee's Deed Upon Sale,"
     dated August 5, 2010). (See ECF No. 8 at 4.) Gamboa v. Tr. Corps, 2009 WL 656285, at *3 (N.D.
22   Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale,
     including grant deed and deed of trust, as they were "part of the public record and are easily
23   verifiable."). Additionally, plaintiffs' third amended complaint from the 2012 action in California
     Superior Court (the "Prior 3AC") and its accompanying exhibits/documents are in the record.
24   (See ECF No. 8 at 4 "Exhibit D".) Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746
     n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public
25   record). The Prior 3AC involves the parties now before the court and concerns the same
     mortgage, foreclosure, and property. (Compare ECF No. 8 at 31-80 (Prior 3AC), with ECF No. 1-
26   1 (complaint).)

27

28

property in July 2000. (ECF No. 1-1 at 24.) The deed of trust listed plaintiffs as the borrowers and American Brokers Conduit as the lender. (See ECF No. 8 at 7.) In January 2010, a notice of default was recorded, indicating that plaintiffs were approximately $30,000 in arrears. (See ECF No. 8 at 24-26 ("Exhibit B").) In August 2010, foreclosure proceedings were initiated and the property was sold at a trustee's sale to DBNTC "as trustee for HSI Loan Obligation Trust 2001-7." (See ECF No. 8 at 28-29 ("Exhibit C").)

Less than a month after foreclosure, on August 26, 2010, plaintiffs filed an action in Sacramento County Superior Court, naming numerous defendants including HSI Corp. and "Deutche Bank as Trustee for HSI Loan Obligation Trust 2001-1." (See ECF No. 8 at 83, noting that the original complaint was initially filed on Aug. 26, 2010.) Plaintiffs amended three times, and the Prior 3AC challenged the foreclosure sale based on claims of "wrongful foreclosure" and violation of Cal. Bus. Code § 17200. (See ECF No. 8 at 31-55.) On January 28, 2013, the California Superior Court sustained defendants' demurrer of plaintiffs' 3AC, dismissing plaintiffs' 3AC with prejudice, and closed the case. (See ECF No. 8 at 83-84, the January 2013 judgment of dismissal of the Prior 3AC.) Plaintiffs appealed the judgment, but the Third District Court of Appeal dismissed on April 25, 2013 for failure to designate the record. (See ECF No. 8 at 86.) The subject property was vacated, and DBNTC sold the property to a third party in December 2013.  (See ECF No. 8 at 89-92.)

On July 18, 2019, plaintiffs filed the operative complaint in this action in California Superior Court (Sacramento County) against only HSI Trust, HSI Corp., and 100 does alleging the following claims: (1) wrongful foreclosure; (2) violation of California Civil Code § 2924; (3) declaratory relief; (4) declaratory relief to void or cancel substitution of trustee and notice of defaults; (5) breach of contract; (6) declaratory relief under California Business and Professions Code § 17200; (7) wrongful foreclosure; (8) violation of the Fair Debt Collection Practices Act; (9) civil conspiracy; (10) mail and wire fraud, 18 U.S.C. §§ 1341, 1344; (11) bank fraud, 18 U.S.C. §§ 1341, 1344; and (12) violation of 18 U.S.C. §§ 1001, 1005. (See ECF No. 1-1 at 22, 38-56.)

////

3

1    DBNTC, who at the time was not a defendant, first removed the action to this court on

2    May 4, 2020, claiming to be the real party in interest as trustee for the HSI Trust, and on behalf of

3    HSI Corp, resulting in case number 2:20-cv-0921-KJN-JAM in this court ("first removed case").

4    In the first removed case, this court granted DBNTC's motion to dismiss based on California res

5    judicata and plaintiffs appealed, resulting in a reversal of the dismissal on procedural grounds. In

6    particular, the Ninth Circuit found that DBNTC, as Trustee for the HSI Trust, had to first

7    intervene in state court and become a defendant in the case prior to removing it to federal court.

8    (See 2:20-cv-0921-KJN-JAM, ECF Nos. 29, 32, 34.) The first removed case was remanded to

9    California Superior Court, where DBNTC successfully intervened as defendant. After DBNTC

10   intervened, defendants removed to this court, resulting in the present case.

11   **DISCUSSION**

12   **I.  Defendants' Removal and Plaintiffs' Motion to Remand**

13   Plaintiffs seek remand, claiming federal question jurisdiction does not exist and the

14   Rooker-Feldman doctrine bars removal. (ECF No. 9.) In the alternative, plaintiffs now state they

15   wish to voluntarily dismiss their federal claims (the Eighth, Tenth, Eleventh and Twelfth Causes

16   of Action) in order for the state law claims can be remanded. (ECF No. 9 at 2, 6.)

17   Defendants assert the case is removable based on federal question jurisdiction because

18   plaintiffs' state-court complaint alleges a violation of the Fair Debt Collection Practices Act

19   ("FDCPA") under 15 U.S.C. § 1692. (ECF No. 1.) Defendants argue this court has supplemental

20   jurisdiction over plaintiffs' state law claims under 28 U.S.C. § 1367(a). (Id.) Finally, defendants

21   argue that plaintiffs have not actually agreed to dismiss their federal claims to date. (ECF No. 13

22   at 8.) Defendants ask the court to exercise its discretion to retain jurisdiction over the state law

23   claims, and dismiss those claims with prejudice, because substantial resources have already been

24   committed and sending the case to another court would cause a duplication of effort. (Id. at 17-

25   19.)

26   **Legal Standard – Removal and Remand**

27   Under the removal statute, a defendant may remove a case to federal court if the plaintiff

28   could have filed the action in federal court initially. 28 U.S.C. § 1441(a); Ethridge v. Harbor

4

House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). The party seeking removal bears the burden of establishing federal jurisdiction. Id. A notice of removal is to contain a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). Removal is to be noticed "within 30 days of receipt of the initial pleading," or, in cases of diversity jurisdiction, within "one year after commencement of the action." 28 U.S.C. § 1446(b), (c).

Federal courts are courts of limited jurisdiction, and so the statute is strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Filing a motion to remand is the proper way to challenge removal. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). A district court may remand a case for lack of subject-matter jurisdiction sua sponte at any time, but may only remand a case based on defect in removal procedure upon the timely filing of a motion to remand. 28 U.S.C. § 1447(c).

**Analysis**

Removal is proper under 28 U.S.C. §§ 1331, 1367(a), and 1446. Moreover, because plaintiffs' federal and state law claims are based on the same facts and allegations, plaintiff's request to sever and remand the state law claims should be denied.

**A. Federal question Jurisdiction and Supplemental Jurisdiction**

District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009).

Plaintiffs' eighth cause of action explicitly alleges a violation of the Fair Debt Collections Practices Act, a federal law. The complaint alleges "[a]t the time the [d]efendants claimed they

5

acquired the subject note and mortgage, [the defendant] claimed it was in arrears and therefore the FDCPA applies to the [d]efendants as debt collectors." (ECF No. 1-1 at 31.) Further, plaintiffs allege defendants "made demands . . . for payments . . . by means of the US mail[,]" thereby violating the FDCPA on "multiple and separate occasions." (Id.) Under the "well-pleaded complaint rule," plaintiffs' complaint states a cause of action created by federal law under the FDCPA. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Provincial Gov't of Marinduque, 582 F.3d 1083 at 1091. Accordingly, a proper basis exists for removal under 28 U.S.C. § 1331. See Green v. All. Title, 2010 U.S. Dist. LEXIS 92203, at *6-8 (E.D. Cal. Sep. 2, 2010) (finding removal to be proper based on plaintiff's claim under the FDCPA, and exercising supplemental jurisdiction over plaintiff's state law claims).

**B. Plaintiff's Request to Sever and Remand**

Plaintiffs request the court to sever and remand plaintiffs' state law claims in the event the entire case is not remanded. (ECF No. 9 at 11.) Defendants argue plaintiffs' desire to voluntarily dismiss the federal claims in order for the case to be remanded is not a sufficient ground for avoiding dismissal of the state law claims. (ECF No. 14 at 2.)

Because plaintiffs' federal and state law claims are based on the same facts and allegations, the court should decline to sever the state claims in the interest of judicial economy and convenience. See Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) ("The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity."). Instead, the court should exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c).

Plaintiffs state they are willing to voluntary dismiss their federal claims in order to obtain remand of the state law claims. (ECF No. 9 at 7-8; ECF No. 11 at 2.) Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss "an action" without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a). Plaintiffs have not filed a notice of voluntary dismissal. However, Rule 41(a) governs dismissal of entire actions, or all claims against a defendant, not of individual

1   claims. <u>Hells Canyon Preservation Council v. United States Forest Service</u>, 403 F.3d 683, 687

2   (9th Cir. 2005).

3        "[W]ithdrawals of individual claims . . . are governed by Fed. R. Civ. P. 15, which

4   addresses amendments to pleadings." <u>Id.</u>; <u>see also</u> <u>Gen. Signal Corp. v. MCI Telecommunications</u>

5   <u>Corp.</u>, 66 F.3d 1500, 1513 (9th Cir. 1995). Under Rule 15 of the Federal Rules of Civil

6   Procedure, a party may amend its pleading once as a matter of course within (A) 21 days after

7   serving it, or (B) 21 days after service of a responsive pleading or 21 days after service of a

8   motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other

9   cases, a party may amend its pleading only with the opposing party's written consent or the

10  court's leave. Fed. R. Civ. P. 15(a)(2). The court should freely give leave when justice so

11  requires. (<u>Id.</u>) Here, plaintiffs did not amend their pleading as a matter of course within the

12  allowed time. Plaintiffs' conditional request to voluntarily dismiss their federal claims—only in

13  the event the court does not remand the entire case—does not constitute an amended pleading

14  under Rule 15(a)(1).

15       In addition, for the same reasons set forth above, leave to amend under Rule 15(a)(2) of

16  the Federal Rules of Civil Procedure should not be granted. Interests in judicial economy,

17  convenience, and fairness weigh in favor of the court's exercising supplemental jurisdiction of the

18  state law claims. Accordingly, to any extent plaintiffs now seek leave under Fed. R. Civ. P.

19  15(a)(2) to delete their federal claims, leave should be denied. <u>See generally</u> <u>Carnegie-Mellon</u>

20  <u>Univ. v. Cohill</u>, 484 U.S. 343, 344 (1988) (stating a plaintiff's deletion of federal law claims in

21  order to request remand would be forum manipulation and should be considered by a district

22  court among the balance of factors when deciding whether to exercise pendent jurisdiction).

23  **II.      DBNTC's Motion to Dismiss**

24       Defendants move to dismiss plaintiffs' entire complaint under Federal Rules of Civil

25  Procedure 12(b)(6) and 12(b)(7). (<u>See</u> ECF No. 7.) Defendants assert plaintiffs' claims are: (1)

26  barred by claim prelusion/res judicata; (2) barred by the relevant statutes of limitations; and (3)

27  insufficiently pled. (<u>See</u> ECF No. 7-1 at 2.) Further, defendants argue the complaint should be

28

1  dismissed with prejudice under Rule 12(b)(7) for failure to name parties who must be joined. (<u>Id.</u>

2  at 25-26.)

3        Plaintiffs oppose dismissal, arguing res judicata does not apply because their prior action

4  concerned an eviction, rather than a foreclosure. (ECF No. 11 at 6.) Plaintiffs claim the complaint

5  is not barred by res judicata because "it can be brought at any time for satisfaction of mortgage."

6  (<u>Id.</u> at 13.) In reply, defendants argue plaintiffs' opposition should be rejected as untimely and for

7  failing to adequately respond to defendants' arguments. (ECF No. 14 at 2.)

8        **<u>Legal Standard – Motion to Dismiss</u>**

9        A motion to dismiss brought under Rule 12(b)(6) challenges the sufficiency of the

10  pleadings set forth in the complaint. <u>Vega v. JPMorgan Chase Bank, N.A.</u>, 654 F. Supp. 2d 1104,

11  1109 (E.D. Cal. 2009). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's

12  failure to state a claim upon which relief can be granted. This generally encompasses two

13  scenarios: where the complaint lacks a cognizable legal theory, or where it lacks "sufficient

14  factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v.

15  Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Mollett v. Netflix, Inc.</u>, 795 F.3d 1062, 1065 (9th Cir. 2015).

16        When a court considers whether a complaint states a claim upon which relief may be

17  granted, all well-pleaded factual allegations must be accepted as true, <u>Erickson v. Pardus</u>, 551

18  U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non-

19  moving party. <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 977 (9th Cir. 2007). The court is not,

20  however, required to accept as true "conclusory [factual] allegations that are contradicted by

21  documents referred to in the complaint," or "legal conclusions merely because they are cast in the

22  form of factual allegations." <u>Paulsen v. CNF Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to

23  avoid dismissal for failure to state a claim, a complaint must contain more than "naked

24  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

25  action." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must

26  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

27  face.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 570). Plausibility means pleading

28

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342, n.7 (9th Cir. 2010) (liberal construction appropriate even post-Iqbal). Prior to dismissal, a court shall inform the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis – Claim Preclusion**

Defendants argue plaintiffs' opposition should be rejected as untimely filed because it was filed six days late. (ECF No. 14 at 5.) "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Nevertheless, the court affords pro se litigants additional leniency, see, e.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012), and the undersigned declines to consider rejecting plaintiffs' opposition as untimely filed in this instance.

In the interest of judicial economy, the undersigned takes up defendants' argument most dispositive of plaintiffs' causes of action. Specifically, California res judicata principles apply, precluding plaintiffs' action.

Claim preclusion is an affirmative defense available by motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). Under the Full Faith and Credit Clause of the U.S. Constitution, federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." See U.S. Const. art. IV, § 1; 28 U.S.C. § 1738; White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012) (citing Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984)). "[T]o determine the preclusive effect of [a] California state court decision, [the court applies] California law." Kay v. City of Rancho Palos Verdes, 504 F.3d 803, 808 (9th Cir. 2007); see also Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2013) (claim

9

preclusion is known as res judicata under California law and "describes the preclusive effect of a final judgment on the merits.").

Res judicata is premised on the principle that "the party to be affected, or some other with whom he is in privity" has previously litigated the same issue and "should not be permitted to litigate it again . . . ." Citizens for Open Access etc. Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1064-65 (1998). Like other jurisdictions' claim preclusion doctrines, California res judicata bars any claim that could have or should have been litigated in the prior action. See Palomar Mobilehome Park Ass'n v. San Marcos, 989 F.2d 362, 364 (9th Cir. 1993). Res judicata "precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that claim proceeded to a final judgment on the merits in a prior action." Adam Bros. Farming v. Cnty. of Santa Barbara, 604 F.3d 1142, 1148-49 (9th Cir. 2010).[3]

**1.  Same Claims**

To determine whether a party is litigating the same claims for purposes of res judicata in California, courts apply the "primary rights" theory. See Furnace v. Giurbino, 838 F.3d 1019, 1024 (9th Cir. 2016). Two claims or causes of action are considered the same claim if they arise from "the same invasion of a primary right." Adam Bros. Farming, 604 F.3d at 1149 (citation omitted). A "primary right" is the "right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." Id. (citations omitted). Thus, res judicata focuses on the underlying harm suffered—not the cause(s) of action asserted. See Furnace, 838 F.3d at 1024; see also Crowley v. Katleman, 8 Cal. 4th 666, 682 (1994) ("[T]he violation of a single primary right gives rise to but a single cause of action."). "Consequently, 'if two actions involve the same injury to the plaintiff and the same wrong by the defendant[,] then the same primary right is at stake[—]even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief [or] adds new facts supporting recovery.'" Frank v. Ocwen Loan

---

[3] "A court may take judicial notice of its own files and of documents filed in other courts for the purpose of determining whether a party's claims are barred by res judicata." Lucore v. US Bank, NA, 2018 U.S. Dist. LEXIS 30789, at *6 (S.D. Cal. Feb. 26, 2018) (citing, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (noticing prior action documents for res judicata analysis)).

Servicing, LLC, 2017 U.S. Dist. LEXIS 221967, at *10 (C.D. Cal. Mar. 30, 2017) (quoting Furnace, 838 F.3d at 1024). In California, wrongful foreclosure can be alleged under a number of legal theories, but often relate to the same primary right—the right to control the real property at issue. See Prado v. Quality Loan Serv. Corp., 2014 U.S. Dist. LEXIS 1129, at *1-2 (N.D. Cal. Jan. 6, 2014) (applying California res judicata where the plaintiff was seeking "a remedy for the same injury in both cases—in essence, a wrongful foreclosure").

Plaintiffs are attempting to relitigate the same alleged wrongs as in the 2012 action. Both proceedings concern the same real property, refinance loan, and foreclosure proceeding. (Compare ECF No. 1-1 at 22-56 (complaint), with ECF No. 8 (prior 3AC) at 31-81.) In essence, both actions challenge the validity of the appointment/substitution of the trustee (compare ECF Nos. 1-1, ¶¶ 28 and 94; with ECF No. 8 at ¶ 33), the trustee's standing to declare default (compare ECF Nos. 1-1 ¶¶ 67 and 138; with ECF No. 8 at ¶¶ 39 and 59), and various aspects of the loan and subsequent foreclosure proceedings, including the validity and enforceability of documents (compare, generally, ECF Nos. 1-1 at 22-56; with ECF No. 8 at 31-81.) Additionally, both complaints allege fraud and conspiracy by and among defendants relating to the aforementioned proceedings and documents. (Compare ECF Nos. 1-1 ¶¶ 68, 70, 147-69; with ECF No. 8 at ¶ 53.) Despite slight differences in the two actions, such as the addition of federal FDCPA and RICO-styled fraud claims in the instant complaint, both actions seek compensation for the same alleged injury—the loss of the Elk Grove property. See Palomar Mobilehome Park Ass'n, 989 F.2d at 364; Janson v. Deutsche Bank Nat'l Tr. Co., 2015 U.S. Dist. LEXIS 33719, at *19 (N.D. Cal. Mar. 18, 2015) ("[C]ourts in this District have repeatedly recognized that, under California law, plaintiffs seeking to set aside a foreclosure may not relitigate their claims in subsequent actions, even when the second lawsuit asserts different causes of action or challenges different aspects of the loan or foreclosure process."). (See ECF No. 8 at 31-55.)

Plaintiffs respond that the 2012 action concerned an eviction, not foreclosure. (ECF No. 11 at 6.) However, plaintiffs' 2012 3AC plainly alleges wrongful foreclosure and other claims identical to those now before the court, all based on the same injuries to plaintiffs. (See ECF No. 8 at 41-98.) Furthermore, plaintiffs' do not allege any new facts or legal basis to relitigate their

11

clams. Therefore, plaintiffs' complaints concern the same "primary right," satisfying the first element of claim preclusion/res judicata. See Thrower v. Nationstar Mortg. LLC, 2017 U.S. Dist. LEXIS 180607, at *8 (E.D. Cal. Oct. 30, 2017) (finding that despite the addition of new facts and claims, plaintiff could not overcome res judicata where both actions involved the same mortgage loan and foreclosure); Frank, 2017 U.S. Dist. LEXIS 221967, at *9-14.

**2.   Same Parties**

Res judicata requires that the parties before the court be identical or in privity with the parties to prior litigation. See Janson, U.S. Dist. LEXIS 33719, at *28 (citing Mycogen, 28 Cal. 4th at 896-97). Privity includes "a mutual or successive relationship to the same rights of property, or to such an identification in interest of one person with another as to represent the same legal rights." Id. (citing Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069 (1998)) (citations and internal quotes omitted); see also DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 825 (2015) ("In this context, a party is one who is directly interested in the subject matter, and had a right to make a defense, or to control the proceeding, and to appeal from the judgment.") (internal quotes omitted). In the context of home mortgages and foreclosures, courts have found that assignors and assignees of a mortgage are in privity with one another. See, e.g., Lomeli v. JPMorgan Chase Bank, N.A., 2015 U.S. Dist. LEXIS 189388, at *16-17 (C.D. Cal. Oct. 5, 2015) (collecting cases holding that subsequent assignees of a debt are in privity for purposes of res judicata).

Here, plaintiffs named the defendants in the 2012 action. (See ECF No. 8 at 34.) Accordingly, the second element of res judicata is satisfied. See Frank, 2017 U.S. Dist. LEXIS 221967, at *14-15 (finding the second element of res judicata to be satisfied where the plaintiff before the court was the plaintiff in the instant federal and prior state actions, and the defendants before the court were either named or in privity with those in the prior action); Janson, U.S. Dist. LEXIS 33719, at *28.

**3.   Final Judgment on the Merits.**

A final judgment on the merits is one where "no further judicial act remains to be done to end the litigation." Frank, 2017 U.S. Dist. LEXIS 221967, at *15 (quoting People v. Scott, 85

1    Cal. App. 4th 905, 919 (2000)). "In California, a judgment entered after the sustaining of a

2    general demurrer is a judgment on the merits, and, to the extent that it adjudicates that the facts

3    alleged do not establish a cause of action, it will bar a second action on the same facts." Palomar

4    Mobilehome Park, 989 F.2d at 364 (quoting Crowley v. Modern Faucet Mfg. Co., 44 Cal. 2d 321

5    (Cal. 1955)); see also Janson, U.S. Dist. LEXIS 33719, at *30 ("Courts in this District have

6    routinely held that sustaining a general demurrer and dismissing a case with prejudice constitutes

7    a final judgment on the merits under California state claim preclusion law."). "Unlike the federal

8    rule and that of several states, in California the rule is that the finality required to invoke the

9    preclusive bar of res judicata is not achieved until an appeal from the trial court judgment has

10   been exhausted or the time to appeal has expired." Kay, 504 F.3d at 808 (citing Franklin &

11   Franklin v. 7-Eleven Owners for Fair Franchising, 85 Cal. App. 4th 1168, 1174 (2000)).

12         Here, after sustaining defendants' demurrer, the Superior Court of California dismissed

13   plaintiffs' 2012 3AC with prejudice on January 28, 2013. (ECF No. 8 at 84.) Additionally, the

14   Third Appellate District dismissed plaintiffs' appeal on April 25, 2013. (Id. at 86.) Together,

15   these dismissals constitute a final judgment on the merits, satisfying the third element of res

16   judicata. See Kay, 504 F.3d at 808; Palomar Mobilehome Park, 989 F.2d at 364; Janson, U.S.

17   Dist. LEXIS 33719, at *30-31.

18         **Conclusion**

19         Because plaintiffs' claims are barred by res judicata and cannot be saved by amendment,

20   the undersigned recommends dismissing all claims without leave to amend. Cahill, 80 F.3d at

21   339; see also Mack v. California, 2019 U.S. Dist. LEXIS 226992, at *35 (C.D. Cal. Aug. 9, 2019)

22   (finding leave to amend would be futile because res judicata bared any and all claims stemming

23   from foreclosure proceedings) (citing McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th

24   Cir. 2004)). Plaintiffs do not allege any conduct by defendants occurring after plaintiffs' prior

25   action commenced in 2010, and plaintiffs provide no justification for relitigating their claims in a

26   new forum. See Agha-Khan v. Bank of Am., 2017 U.S. Dist. LEXIS 102349, at *21 (E.D. Cal.

27   June 30, 2017) (finding leave to amend futile because res judicata barred claims relating to

28   foreclosure, including fraud claims); Munir v. Bank of N.Y. Mellon, 2015 U.S. Dist. LEXIS

1  67293, at *13 (N.D. Cal. May 22, 2015) (finding leave to amend futile in mortgage case based on

2  res judicata where plaintiff failed to identify any new facts or theories of liability beyond those set

3  forth during the prior proceeding).

4  **RECOMMENDATIONS**

5      For the reasons stated above, it is HEREBY RECOMMENDED that:

6      1.  Plaintiffs' Motion to Remand (ECF No. 9) be DENIED;

7      2.  Defendants' Motion to Dismiss (ECF No. 7) be GRANTED;

8      3.  Plaintiffs' complaint be DISMISSED WITH PREJUDICE; and

9      4.  The Clerk of the Court be directed to close this case.

10      These findings and recommendations are submitted to the United States District Judge

11  assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties. Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

15  shall be served on all parties and filed with the court within fourteen (14) days after service of the

16  objections. The parties are advised that failure to file objections within the specified time may

17  waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir.

18  1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

19  Dated:  July 28, 2022

20

21  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

22  8.sharma22cv928.mtd

23

24

25

26

27

28