UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINOD SHARMA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HSI ASSET LOAN OBLIGATION TRUST 2007-1, et al.,<br><br>Defendants. | No. 2:22-cv-00928-TLN-CKD<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION** |

Plaintiffs proceed in this civil action *pro se*. The matter was referred to a United States Magistrate Judge under the Court's Local Rules.

On July 28, 2022, the magistrate judge filed findings and recommendations. (ECF No. 18.) On September 20, 2022, after considering the filings (including the parties' objections and responses to objections), the Court adopted in full the findings and recommendations, dismissed Plaintiffs' Complaint with prejudice, and closed the case. (ECF No. 23.) On October 5, 2022 and October 19, 2022, Plaintiffs filed the instant motions for reconsideration. (ECF Nos. 26, 30.) Defendants filed an opposition. (ECF No. 25.) Plaintiffs filed a reply. (ECF No. 31.) In addition, Plaintiffs filed a Notice of Appeal to the Ninth Circuit Court of Appeals on October 17, 2022. (ECF No. 27.)

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence,

1

committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

The Court has carefully reviewed the entire file. The only "new evidence" Plaintiffs present to support their motions for reconsideration is that a litigant in New York filed a motion to intervene, which they claim is currently pending in the Southern District of New York in a case entitled *Ambac Assurance v. U.S. Bank National Association*, Case No. 17-cv-2614. Plaintiffs referenced *Ambac Assurance* in previous filings (*see, e.g.*, ECF No. 11 at 2), and they fail to persuade the Court that the recent motion filed in *Ambac Assurance* has any bearing on the instant case. Simply put, Plaintiffs do not: provide any new evidence; point to clear error; or allege a change of controlling law that would alter the Court's ruling. To the extent Plaintiffs disagree with the Court's ruling, Plaintiffs may raise those arguments before the Ninth Circuit in their pending appeal.

For the foregoing reasons, Plaintiffs' Motions for Reconsideration are hereby DENIED. (ECF Nos. 26, 30.)

IT IS SO ORDERED.

**DATE:  April 10, 2023**

_____
Troy L. Nunley
United States District Judge